IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES DEAN FOLEY, | ) | 8:10CV273 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| LAURI J. SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on July 22, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on July 22, 2010, against several Defendants: the City of Danville, Illinois; Vermillion County, Illinois; the State of Illinois; the United States Department of Justice; the Illinois law firm of Dukes, Ryan, Meyer & Fahey; and 11 individuals. (Filing No. 1 at CM/ECF p. 1.) All of the individual Defendants reside in Danville, Illinois.[1] (*Id*. at CM/ECF pp. 2-3.) Plaintiff is a resident of Omaha, Nebraska. (*Id*. at CM/ECF p. 2.)

In Plaintiff's Complaint, he alleges that he married Defendant Lauri J. Smith ("Smith") on September 3, 2000, in Sidell, Illinois. (*Id*. at CM/ECF p. 4.) However, Plaintiff and Smith divorced on February 13, 2003. (*Id*.) During their marriage, Plaintiff and Smith had a child, Evan James Foley. (*Id*.)

Sometime in September 2005, Smith and her attorney, Defendant Dave Ryan ("Ryan"), began a scheme to threaten, intimidate and fraudulently obtain money from Plaintiff. (*Id*. at CM/ECF pp. 7-13.) Plaintiff's Complaint contains numerous allegations against Smith, Ryan, and other individuals, municipalities and agencies that helped carry out this scheme.[2] (*Id*. at CM/ECF pp. 13-53.) Plaintiff seeks monetary damages in the amount of $100,000,000.00. (*Id*. at CM/ECF p. 52.)

---

[1] The court takes judicial notice that Danville, Illinois, is located in the Central District of Illinois.

[2] For example, Plaintiff's Complaint includes various constitutional allegations against Judge Claudia Anderson regarding the handling of child support and visitation matters. (Filing No. 1 at CM/ECF pp. 26-38.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte. *See Abramson v. Am. Online, Inc.*, 393 F. Supp. 2d 438, 443 (N.D. Tex. 2005); *see also Dejohn v. TV Corp. Int'l*, 245 F. Supp. 2d 913, 921 (N.D. Ill. 2003); *Standing Stone Media, Inc. v. Indianacountrytoday.com*, 193 F. Supp. 2d 528, 536 (N.D.N.Y. 2002).

Venue is generally governed by 28 U.S.C. § 1391, which provides, in pertinent part, that:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same

    State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

[28 U.S.C. § 1391(b)](#).

    Here, Plaintiff alleges that this court has federal question jurisdiction over his Complaint, but he does not discuss venue. (Filing No. [1](#) at CM/ECF p. 2.) However, the named Defendants in this matter are, with the exception of the United States Department of Justice, the State of Illinois, municipalities located in Illinois and individuals that reside in Illinois. (*Id*. at CM/ECF pp. 1-3.) Moreover, all of the events giving rise to Plaintiff's claims occurred in Illinois. (*Id*. at CM/ECF pp. 3-53.) In short, it is clear from the face of the Complaint that the District of Nebraska is not a proper venue for Plaintiff's Complaint.

    Because the court has concluded that venue is improper, the court must either dismiss this case or transfer it to any district or division in which it could have been brought. [28 U.S.C. § 1406(a)](#). As discussed above, the individual Defendants in this matter reside in Danville, Illinois. (Filing No. [1](#) at CM/ECF pp. 2-3.) In addition, a substantial part of the events giving rise to Plaintiff's claims occurred in Danville, Illinois. (*Id*. at CM/ECF pp. 3-53.) Thus, the court concludes that the Central District of Illinois is an appropriate venue. In the interests of justice, and in light of Plaintiff's pro se status, the court elects to transfer this case to the United States District Court for the Central District of Illinois.

    Accordingly,

    IT IS ORDERED that:

    1.    The District of Nebraska is an improper venue for Plaintiff's Complaint. However, in the interests of justice, and in light of Plaintiff's pro se status, the court will transfer this case to the Central District of Illinois, a proper venue.

    2.    The Clerk of the court is directed to transfer this matter to the United States District Court for the Central District of Illinois in accordance with this Memorandum and Order.

3.     The Clerk of Court shall close and terminate this case in the District of Nebraska.

August 25, 2010.                              BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.