# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## Urbana Division

| | |
|---|---|
| JAMES DEAN FOLEY, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 10-2218 |
| DAVID RYAN, et al., | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In July 2010, Plaintiff James Dean Foley filed a Complaint and Jury Demand on All Counts (#1) against various individual and government defendants. Plaintiff asserts various civil rights violations, various criminal violations, and tort claims for intentional and negligent infliction of emotional distress. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

A number of motions to dismiss have been filed by various defendants. Here, the Court addresses Defendant City of Danville Motion to Dismiss Complaint (#48). Plaintiff has not filed a response. After reviewing the pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's motions to dismiss **(#48)** be **GRANTED**.

## I. Background

The following background is taken from the factual allegations in Plaintiff's complaint. Plaintiff's complaint describes various events that took place in the course of a child support dispute between Plaintiff and his former wife, Defendant Lauri Smith. Plaintiff and Defendant Smith were married in 2000, and had a son in 2001. The couple divorced in 2003, but continued to share a household the majority of the time until April 2005. In August 2005, they had a falling out. Defendant Smith, through her attorney Defendant Ryan, filed a petition in state court, seeking unpaid child support and modification of visitation rights.

Plaintiff's brings suit against numerous defendants, alleging various civil rights violations, criminal violations, and tort violations against all of them. The core of Plaintiff's allegations is that his ex-wife Defendant Smith, and her attorney Defendant Ryan, violated Plaintiff's civil rights in state court proceedings. Plaintiff also indicates that various judges involved with the case violated his civil rights, and that Vermilion County Sheriff's deputies who detained Plaintiff for violating an order of protection violated his civil rights.

The complaint only mentions the City of Danville once. Plaintiff alleges "That Defendant City of Danville, Illinois and Defendant County of Vermilion, Illinois have conspired as officers of the court to protect the patterns of Frauds upon the Court by Defendant David Ryan and Defendant Lauri Smith." (#1, p. 39).

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as

adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). Furthermore, district courts are required to liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III. Discussion

Defendant argues that Plaintiff has failed to meet the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2), and therefore Plaintiff's complaint against Defendant should be dismissed for failure to state a claim.

To satisfy the "short and plain" statement requirement of Rule 8(a), a complaint must contain a "bare minimum [of] facts necessary to put the defendant on notice of the claim so that he can file an answer." *Christenson v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007) (quoting *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002)). Here, Plaintiff submits a 53-page complaint asserting nine claims against fifteen defendants, alleging a vast, nebulous conspiracy to violate Plaintiff's civil rights and criminal law. Plaintiff describes numerous distinct events that took place between 2005 and 2010. In all of this, Plaintiff mentions Defendant City of Danville in one paragraph, quoted above. The paragraph itself does not contain any specific factual allegations. The paragraph is not located in a portion of the complaint that indicates Plaintiff refers to any particular chain of events. Essentially, the factual and legal basis for Plaintiff's claims against Defendant City of Danville are both utterly unclear.

This Court concludes that Plaintiff's single mention of Defendant City of Danville, contained in a lengthy complaint with 15 defendants, fails to provide Defendant with adequate notice of the basis of Plaintiff's claim. This circumstance makes it effectively impossible for Defendant to file an answer. The Court therefore recommends that Plaintiff's claims against Defendant City of Danville be dismissed.

3

## IV.  Summary

For the reasons stated above, this Court recommends that Defendant City of Danville Motion to Dismiss Complaint **(#48)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 18th day of March, 2011.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
