**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | |
|---|---|
| JAMES DEAN FOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 10-2218 |
| DAVID RYAN, et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

In July 2010, Plaintiff James Dean Foley filed a Complaint and Jury Demand on All Counts (#1) against various individual and government defendants. Plaintiff asserts civil rights violations, various criminal violations, and tort claims for intentional and negligent infliction of emotional distress. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

A number of motions to dismiss have been filed by various defendants. Here, the Court addresses Vermilion County Defendants' Motion to Dismiss Plaintiff's Complaint **(#30)**. Plaintiff has not filed a response. After reviewing the pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Vermilion County Defendants' Motion to Dismiss Plaintiff's Complaint **(#30)** be **GRANTED**.[1]

## I. Background

The following background is taken from the factual allegations in Plaintiff's complaint. Plaintiff's complaint describes various events that took place in the course of a child support dispute between Plaintiff and his former wife, Defendant Lauri Smith. Plaintiff and Defendant Smith were married in 2000, and had a son in 2001. The couple divorced in 2003, but continued to share a household the majority of the time until April 2005. In August 2005, they had a

---

[1]The "Vermilion County Defendants" include Vermilion County, the Vermilion County Sheriff's Department, Pat Hartshorn, Pat Ablinger, Ryan Wells, Rod Kaag, and Randall Brinegar. (#30, p. 1).

falling out. Defendant Smith, through her attorney Defendant Ryan, filed a petition in state court, seeking unpaid child support and modification of visitation rights.

Only a portion of Plaintiff's lengthy complaint implicates the Vermilion County Defendants. Specifically, Plaintiff describes an incident in May 2006 in which Plaintiff was detained by officers from the Vermilion County Sheriff's Department "while attempting to exercise his court ordered visitation," but apparently in violation of an order of protection. (#1, p. 17-18). The officers detained Plaintiff at the Vermilion County Public Safety Building for approximately an hour. Plaintiff alleges that he was not read *Miranda* rights. Upon being released, Plaintiff found that his car had been damaged while he was in custody. Plaintiff alleges that the Vermilion County Sheriff's Department stole this vehicle, broke the windshield, left the windows rolled down and trunk open while it rained, and scratched the paint. Additionally, Plaintiff alleges that he attempted to report that Defendant Ryan had committed a criminal offense by filing a false police report, but that officers refused to take his statement. Six deputies then forced Plaintiff to leave the building. Plaintiff indicates that the deputies responded in this way because Defendant Ryan had served on the Vermilion County Sheriff's examining board, and thus had recommended many of these deputies for employment.

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). Furthermore, district courts are required to liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III. Discussion

Plaintiff brings suit against Vermilion County Defendants for violations of § 1981, § 1983, and § 1985.[2] Defendants argue that, because Plaintiff's claims are based on alleged injuries sustained outside of the applicable statutes of limitation, Plaintiff's claims should be dismissed.

A motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint. Nevertheless, dismissal is appropriate when the face of the complaint clearly sets forth everything necessary to satisfy an affirmative defense, such as when a complaint plainly

---

[2]Though Plaintiff does not specify in his complaint which counts pertain to which defendants, it is reasonable to infer that Plaintiff alleges these civil rights violations against the Vermilion County Defendants. For example, Plaintiff states, "This was clearly a case of Witness Intimidation Under Color of Law by Vermilion County Sheriff's Department" (#1, p. 20), implicating § 1985. Furthermore, any facts that Plaintiff alleges related to violation of criminal codes or emotional distress are related to entirely separate incidents within Plaintiff's complaint.

reveals that an action is untimely under the governing statute of limitation. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). The applicable statute of limitation for Plaintiff's § 1981 claim is four years[3], and the applicable statute of limitation for Plaintiff's § 1983, and § 1985 claims is two years.[4] Generally, a claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).

Here, Plaintiff filed his complaint in July 2010, and thus due to the applicable statutes of limitation, Defendants have an affirmative defense to any of Plaintiff's claims involving alleged injuries sustained prior to July 2006, with respect to the § 1981 claim, or prior to June 2008, with respect to the § 1983 and § 1985 claims. The Vermilion County Defendants argue that the only facts in Plaintiff's complaint that could give rise to any claims against them stem from the May 2006 incident. The Court agrees with these Defendants that the May 2006 incident is the only incident in Plaintiff's complaint that pertains to these Defendants, and notes it is outside the applicable statutes of limitation. Therefore, the Court recommends the Vermilion County Defendants be dismissed from the case on this basis.

### IV. Summary

For the reasons stated above, this Court recommends that Vermilion County Defendants' Motion to Dismiss Plaintiff's Complaint **(#30)** be **GRANTED**.

---

[3]Defendants argue that a two-year statute of limitation period should apply to Plaintiff's § 1981 claim, due to the sections of § 1981 on which Plaintiff's complaint relies. Because Plaintiff's § 1981 claim would be barred by a four-year statute of limitation in any event, the Court does not reach this argument.

[4]The following authorities establish the relevant statutes of limitation: *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004) (holding that a federal four-year statute of limitation applies to § 1981 claims alleging conduct within the 1991 amendment); *Kalimara v. Ill. Dep't. of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989) (discussing the statute of limitation for § 1983 claims); *Hoagland v. Town of Clear Lake*, 415 F.3d 693, 699-700 (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)) (discussing the statute of limitation for § 1985 claims).

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 18th day of March, 2011.

s/ DAVID G. BERNTHAL  
U.S. MAGISTRATE JUDGE