UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JAMES DEAN FOLEY,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>DAVID RYAN, et al.,  )<br>)<br>Defendants.  ) | Case No. 10-2218 |

# REPORT AND RECOMMENDATION

In July 2010, Plaintiff James Dean Foley filed a Complaint and Jury Demand on All Counts (#1) against various individual and government defendants. Plaintiff asserts various civil rights violations, various criminal violations, and tort claims for intentional and negligent infliction of emotional distress. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

A number of motions to dismiss have been filed by various defendants. Here, the Court addresses Defendants' David Ryan and Law Firm of Dukes, Ryan, Meyer, Fahey & Goodwin's, Motion to Dismiss Complaint and Jury Demand on All Counts (#32), as well as Defendant, Lauri J. Smith's Motion to Dismiss Complaint (#38). Plaintiff has not filed a response to either motion. After reviewing the pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' motions to dismiss **(#32, #38)** be **GRANTED.**

### I. Background

The following background is taken from the factual allegations in Plaintiff's complaint. Plaintiff's complaint describes various events that took place in the course of a child support dispute between Plaintiff and his former wife, Defendant Lauri Smith. Plaintiff and Defendant Smith were married in 2000, and had a son in 2001. The couple divorced in 2003, but continued

to share a household the majority of the time until April 2005. In August 2005, they had a falling out. Defendant Smith, through her attorney Defendant Ryan, filed a petition in state court, seeking unpaid child support and modification of visitation rights.

Plaintiff alleges that Defendant Smith and Defendant Ryan engaged in numerous criminal acts throughout the child custody proceedings. To list just a few examples, Plaintiff alleges that these Defendants misled the court, filed false criminal charges against him, and engaged in mail fraud. Furthermore, Plaintiff alleges that Defendant Ryan represented Defendant Smith despite a conflict of interest. Defendant Ryan is a partner of Defendant Law Firm of Dukes, Ryan, Meyer, & Fahey. Plaintiff alleges that his former attorney's brother and law partner, Mark Goodwin, is now a partner with Defendant Ryan's firm, and that therefore Defendant Ryan should not have been involved in this case. Plaintiff apparently contacted a U.S. Attorney over this matter. Plaintiff alleges that Defendant Ryan became aware that Plaintiff had contacted a federal prosecutor, and Defendant Ryan responded by "targeting the Plaintiff . . . with an onslaught, and blitzkrieg, of Witness Intimidation, Witness Tampering, Acts of Domestic Terrorism, and RICO Racketeering . . . ." (#1, p. 11-12). In later proceedings, Plaintiff alleges that Defendants sought to "exploit" Plaintiff's disabilities, with knowledge that their conduct was criminal and "would exasperate, and quite possibly cause the death of the Plaintiff." (#1, p. 23).

Plaintiff lists the following causes of action against Defendants: (1) violation of 42 U.S.C. § 1985, (2) violation of 42 U.S.C. § 1983, (3) violation of 42 U.S.C. § 1981, (4) Civil RICO. Additionally, Plaintiff alleges violations of various provisions of the U.S. criminal code, and tort claims for intentional and negligent infliction of emotional distress.

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests.

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).  However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings.  *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).  In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances.  *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).  Furthermore, district courts are required to liberally construe complaints filed by pro se litigants.  *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.  Discussion

Defendants bring their motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's complaint lacks factual allegations that would indicate that Plaintiff is plausibly entitled to relief.

The Court notes that Plaintiff's complaint contains numerous threadbare legal conclusions that this Court must disregard.  For example, Defendant Smith, through her attorney Defendant Ryan, filed a petition seeking unpaid child support.  Plaintiff characterizes this action as part of a scheme "devised to threaten, intimidate, and fraudulently attain monies from the Plaintiff to which they are not entitled."  (#1, p. 7).  Plaintiff alleges Defendants filed a

fraudulent petition in state court, without any explanation of what circumstances made their petition fraudulent. (#1, p. 8). Plaintiff alleges a professional association between his former attorney's brother and legal partner and Defendant Ryan. He characterizes this relationship as evidence of a "a pattern of racketeering." (#1, p. 15). Defendants continued to pursue legal action against Plaintiff. Plaintiff characterizes this as exploitation of his disability, and claims it constitutes a hate crime. (#1, p. 23). Quite simply, Plaintiff's legal conclusions and his characterizations of Defendants' actions are not supported by the facts Plaintiff provides in his complaint.

Once Plaintiff's conclusory legal statements are disregarded and the remaining factual allegations are accepted as true, it is clear that Plaintiff fails to state a plausible claim for any alleged civil rights violation. With respect to Plaintiff's §1981 claim, §1981 pertains to racial discrimination in contractual relationships. *Thompson v. Mem'l Hosp.*, 625 F.3d 394, 402-03 (7th Cir. 2010). Here, Plaintiff has not alleged racial discrimination or any contractual relationship. With respect to Plaintiff's §1983 claim, such claims may only be brought against defendants acting under color of law. *Hallinan v. Fraternal Order of Police*, 570 F.3d 811, 815-16 (7th Cir. 2009). Private conduct may take on the color of law in certain circumstances, such as when private actors conspire or are jointly engaged with state actors. *Id*. However, Plaintiff has not alleged any facts that conceivably indicate that Defendant Ryan or Defendant Smith, private actors, were so entwined with any state actor. With respect to Plaintiff's §1985 claim, a plaintiff must allege a class-based discriminatory animus to state a claim for denial of access to state courts, or a conspiracy to deprive plaintiff of equal protection motivated by class-based discriminatory animus. *Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1507 (7th Cir. 1994) (discussing §1985(2)); *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) (discussing §1985(3)). Here, though Plaintiff alleges a legal conclusion that he is disabled, he does not allege any facts that plausibly indicate that any actions undertaken by Defendants were motivated by discriminatory animus. With respect to Plaintiff's civil RICO claim, a plaintiff must plead conduct of an enterprise through a pattern of racketeering activity. *Barsky v. Metro Kitchen & Bath, Inc.*, 587 F.Supp.2d 976, 988 (N.D. Ill. 2009). Plaintiff's vague conspiracy allegations aimed at Defendants and various government actors do not amount to an allegation of

4

any structured enterprise. As such, this Court recommends that Plaintiff's claims against Defendants with respect to Count I through Count IV be dismissed.

Plaintiff also brings suit against Defendants for alleged violations of the criminal code. The Court notes that private citizens cannot compel enforcement of criminal law. *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986). Therefore, this Court recommends that Plaintiff's claims for violations of the criminal code, brought in Count V through Count VII, be dismissed.

Given the Court's determination that Plaintiff has failed to state a claim that gives rise to federal jurisdiction, the Court declines to address Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). This Court recommends that Counts VIII and IX be dismissed.

### IV. Summary

For the reasons stated above, this Court recommends that the Defendants' David Ryan and Law Firm of Dukes, Ryan, Meyer, Fahey & Goodwin's Motion to Dismiss Complaint and Jury Demand on All Counts **(#32)** and Defendant Lauri J. Smith's Motion to Dismiss Complaint **(#38)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 18th day of March, 2011.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE