UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **JAMES DEAN FOLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 10-2218 |
| **DAVID RYAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In July 2010, Plaintiff James Dean Foley filed a Complaint and Jury Demand on All Counts (#1) against various individual and government defendants. Plaintiff asserts various civil rights violations, various criminal violations, and tort claims for intentional and negligent infliction of emotional distress. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

A number of motions to dismiss have been filed by various defendants. Here, the Court addresses Motion to Dismiss (#51), filed by Defendant State of Illinois and Defendant Lisa Madigan, in her official capacity as Attorney General. Plaintiff has not filed a response. After reviewing the pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion to Dismiss **(#51)** be **GRANTED.**

## I. Background

The following background is taken from the factual allegations in Plaintiff's complaint. Plaintiff's complaint describes various events that took place in the course of a child support dispute between Plaintiff and his former wife, Defendant Lauri Smith. Plaintiff and Defendant Smith were married in 2000, and had a son in 2001. The couple divorced in 2003, but continued to share a household the majority of the time until April 2005. In August 2005, they had a falling out. Defendant Smith, through her attorney Defendant Ryan, filed a petition in state court, seeking unpaid child support and modification of visitation rights. The following summary of events is organized by actions of specific defendants, rather than chronologically.

First, Plaintiff alleges that Defendant Smith and Defendant Ryan engaged in numerous criminal acts throughout the child custody proceedings. To list just a few examples, Plaintiff alleges that these defendants misled the court, filed false criminal charges against him, and engaged in mail fraud. Furthermore, Plaintiff alleges that Defendant Ryan represented Defendant Smith despite a conflict of interest. Defendant Ryan is a partner of Defendant Law Firm of Dukes, Ryan, Meyer, & Fahey. Plaintiff alleges that his former attorney's brother and law partner, Mark Goodwin, is now a partner with Defendant Ryan's firm, and that therefore Defendant Ryan should not have been involved in this case. Plaintiff apparently contacted a U.S. Attorney over this matter. Plaintiff alleges that Defendant Ryan became aware that Plaintiff had contacted a federal prosecutor, and Defendant Ryan responded by "targeting the Plaintiff . . . with an onslaught, and blitzkrieg, of Witness Intimidation, Witness Tampering, Acts of Domestic Terrorism, and RICO Racketeering . . . ." (#1, p. 11-12).

Additionally, Plaintiff alleges that various state court judges involved in the child custody litigation violated his civil and constitutional rights. For example, Plaintiff alleges that Judge Skowronski reset a hearing date due to his illness, and that "this instance constitutes a pattern of racketeering perpetrated upon the Plaintiff in an attempt to protect the Racketeering activity of Defendant David Ryan and Defendant Lauri Smith." (#1, p. 16-17). At a later point in proceedings, Plaintiff alleges further violations of his rights perpetrated by Judge Gordon Stipp. Judge Stipp did not permit Plaintiff's mother to testify about Plaintiff's anemia disorder, where information about Plaintiff's disability would have been relevant to the proceeding. Plaintiff alleges that Judge Stipp "slandered" and "terrorized" him. (#1, p. 23). Additionally, Plaintiff appeared before Defendant Judge Claudia Anderson. Judge Anderson required Plaintiff to attain a psychiatric evaluation in Vermilion County. Plaintiff alleges Judge Anderson's ruling was in retaliation for Plaintiff providing information to the FBI regarding the criminal activity of Defendant Ryan. Furthermore, Plaintiff alleges Judge Anderson had a conflict of interest and should have recused herself from the matter, based on her professional and personal relationship with a witness who testified against Plaintiff. Based on these events, Plaintiff alleges that "the

2

5th Judicial Circuit, Vermilion County, Danville, Illinois is, by definition, a criminal enterprise."
(#1, p. 31). Plaintiff further alleges that Judge Anderson's rulings constituted a violation of due process and a continuing pattern of racketeering.

Finally, Plaintiff alleges that Defendant Madigan is part of a criminal conspiracy, due to her failure to respond to Plaintiff's complaints and reports of criminal conduct. Plaintiff describes his basis for allegations against the State of Illinois and Defendant Madigan by noting that the Attorney General "deliberately ignored Plaintiff's complaints as to patterns of criminal activities by other defendants." (#1, p. 38). Plaintiff also alleges that Defendant Madigan "entered in to a criminal conspiracy to protect the criminal activity of Defendant David Ryan, Defendant Lauri Smith, Defendant Randall Brinegar, Defendant Judges in Vermilion County Illinois 5th Judicial District, the 4th Appellate Judges for the State of Illinois and the entire Illinois Supreme Court Justices, constituting a pattern of racketeering." (#1, p. 38). Plaintiff further alleges that the State of Illinois "sought to conceal from the Defendant United States Department of Justice the evidence of criminal conspiracies by other Defendant's Under Color of Law."
(#1, p. 40).

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*,

987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). Furthermore, district courts are required to liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III. Discussion

Plaintiff's claims against the State of Illinois are based on the alleged failure of Defendant Madigan to respond to his complaints and reports of illegality, and based on alleged civil rights violations and criminal violations perpetrated against Plaintiff at the hands of state court judges. Defendants argue that these claims are barred by the Eleventh Amendment.

"The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *Joseph v. Board of Regents*, 432 F.3d 746, 748 (7th Cir. 2005). Eleventh Amendment immunity applies to the state, to state agencies, and to state officials sued in their official capacities. *Id*. States and "arms of the state" may invoke Eleventh Amendment immunity to bar claims against them brought under § 1981, § 1983, and § 1985. *Joseph*, 432 F.3d at 749 (barring a § 1983 claim); *Keri v. Bd. of Trustees*, 458 F.3d 620, 640-41(7th Cir. 2006) (discussing § 1981 and § 1985 claims).[1]

---

[1] While parties do not specify that the State of Illinois has immunity from a civil RICO claim under the Eleventh Amendment, it is nevertheless clear that Plaintiff cannot state a RICO

4

In addition, the doctrine of absolute judicial immunity confers complete immunity, not just defense to liability, to claims rising from judicial acts. *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005). Three factors govern whether an act is entitled to judicial immunity: (1) whether the act or decision involves the exercise of discretion or judgment, or instead is a ministerial act which could have been performed by a private person, (2) whether the act is normally one performed by a judge; and (3) the expectations of the parties. *Id*; *Seely v. Avery*, No. 09-CV-289, 2011 WL 53169, *2 (N.D. Ind. Jan. 7, 2011). Judicial immunity does not apply to acts which are taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

Plaintiff brings suit against Defendant State of Illinois and Defendant Madigan based on alleged civil rights violations perpetrated by the Attorney General. The State of Illinois is immune from such suits. As a state official sued in her official capacity, Defendant Madigan is also immune. A second basis for Plaintiff's claims against Defendants stems from acts of state court judges. Plaintiff complains of judicial determinations in the state court child custody dispute, such as Judge Anderson's requirement for Plaintiff to undergo a psychiatric evaluation, Judge Stipp's refusal to allow Plaintiff's mother to testify about Plaintiff's anemia, and Judge Skowronski's rescheduling of a hearing date. All of these are acts involving the discretion of these judges, acting in their judicial capacity. Accordingly, this Court finds that Plaintiff's claims are barred by the Eleventh Amendment and judicial immunity.

Plaintiff also brings suit against Defendants for alleged violations of the criminal code and for intentional and negligent infliction of emotional distress. With respect to Plaintiff's allegations that Defendants have committed criminal offenses, the Court notes that private citizens cannot compel enforcement of criminal law. *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986). Therefore, Plaintiff cannot state a claim against Defendants for violations of the criminal

---

claim against the state. *Lathrop v. Juneau & Assocs., Inc.*, 220 F.R.D. 330, 335 (S.D. Ill. 2005) (stating RICO claims against government entities must fail due to the incapability of forming malicious intent); *Sampson v. Washington Paint Co.*, No. 85 C 1413, 1985 WL 3012 (N.D. Ill. Oct. 7, 1985) (applying judicial immunity to bar a civil RICO action).

code cited in Plaintiff's complaint. With respect to Plaintiff's tort claims, the State Lawsuit Immunity Act bars Plaintiff from bringing these claims against the State of Illinois. 745 ILCS 5/1. State law immunity rules are binding on federal courts. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003). Accordingly, this Court concludes that Plaintiff cannot pursue his criminal law or tort law claims against these Defendants.

### IV. Summary

For the reasons stated above, this Court recommends that the Motion to Dismiss **(#51)**, filed by Defendant State of Illinois and Defendant Madigan, be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 18th day of March, 2011.

                                                          s/ DAVID G. BERNTHAL
                                                          U.S. MAGISTRATE JUDGE